UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | Case No. 24-03947-eg |
| James Patrick Hardin | ) | |
| Amber Frances Hardin | ) | |
| | ) | |
| DEBTORS. | ) | OBJECTION TO MOTION TO EXTEND STAY |
| | ) | |

Secured creditor, N. Judith Weesner ("Movant") objects to the Motion to Extend Automatic Stay filed by Debtors.

1. On or about April 24, 2014, Debtors and Movant entered into a promissory note in the amount of $42,500.00 pertaining to the real estate they use as their residence, located at 2317 College St., Newberry, South Carolina. Under the terms of the note, the mortgage payment is only $477.64 plus a 5% delinquency charge for unpaid rent, plus escrow. If the note went unpaid, the entire sum was to be accelerated. The note provided for interest, attorney's fees and costs.

2. The note was secured by a mortgage recorded on the same day.

3. The last payment Movant received before the Debtors started filing serial bankruptcy cases was April 2022. Because of the payment history being in arrears, Movant filed a foreclosure action in Newberry County, South Carolina.

4. On May 1, 2023, Debtors filed their first bankruptcy case, 23-01263-eg to avoid the foreclosure sale.

5. During the pendency of the first case, Movant's health deteriorated and she was forced to quit her job. She depends on the mortgage payments for her livelihood.

6. During Debtors' first case, which was dismissed for nonpayment on November 1, 2023, Movant received no payment in the case. The Chapter 13 Trustee refunded $829.50 to the Debtors and $3,816.62 to their attorney, Moss & Associates. Movant was not paid from the refunded proceeds or thereafter before Debtors filed their second case.

7. On November 11, 2023, Debtors filed their second bankruptcy case, 23-03471-eg.

8. Movant cooperated with Debtors for payment, agreeing to a conduit plan, which Debtors failed to pay.

9. Debtor's second case only lasted from November 11, 2023 to October 3, 2024. During the year of the case, Movant received only 4 conduit payments. The Trustee paid $2,293.31 and Defendants paid another $1,511.00.

10. In addition to her declining health, Movant was forced to sell her home, unable to make her own payments without the income from employment or the Debtors.

11. Movants stopped making payments on their second case on July 25, 2024, and on that date paid only $1,500. From then to their third filing, Debtors never communicated with Movant nor did they tender payment.

12. Upon this case being dismissed, Movant resumed the foreclosure, scheduling a foreclosure hearing on November 12, 2024.

13. On November 1, 2024, Debtors filed this third case, presumably to avoid foreclosure.

14. Dawn M. Hardesty was appointed as Chapter 13 Trustee.

15. On November 7, 2024, Debtors filed their motion to extend stay.

16. In their motion to extend stay, Debtors contend they can prove good faith exists justifying the extension of the automatic stay. Debtors contend the reason they stopped paying the trustee was due to an air conditioning repair, however their payment history shows throughout the time they were in bankruptcy, their payments were in arrears. In Debtors' second case, their plan payment was $1,799.00 for 3 months then $2,038.00 for 57 months. The total paid into the plan in the year they were in bankruptcy was $13,112.75. This means they made approximately 6 out of 12 payments. Their first payment would have been due December 2023 and 6 payments would have put them due for June. Debtors have shown no proof they purchased a new HVAC unit, when purchased, or that their new air conditioning cost them over $8,000 out of pocket. Debtors took no action to try to work out payment with Weesner or the Chapter 13 Trustee in the prior case. Instead, it appears they stopped paying altogether in July and just waited for dismissal of the case, playing games with the system to string out living in the home for free.

17. In their motion to extend stay in their third case Debtors have not explained how they think their plan payment will only be $1,499.00 per month, decreasing from their last plan payment. Presumably it is the surrender of a vehicle, but Debtors have not explained. Further, Debtors used the same arrearage figure in their third plan as the claim Movant filed in the second case, a year earlier. Their math does not work for the third plan. Thus the

plan will not work and will have to be amended, possibly causing confirmation to be delayed, another game to

buy time.

18. Debtors filed their second case on  November 11, 2023, however the Trustee did not make the first payment to

Movant until May 3, 2024.  Thus, Movant had to wait from April 22, 2022 to May 3, 2024 to receive payment

and then only received 4 conduit payments before dismissal. Because this plan is unconfirmable, failing to

budget the past year's arrearage and attorney's fees, a new plan will need to be filed.  Even if it is confirmed,

with a confirmation hearing date of January 21, 2025, the first payout to Movant would not be before March

2025 most likely.  It is inequitable for Movant to receive only 4 payments from the trustee in two years.

19. Movant is an individual, not a company that can absorb the legal costs of Debtors' delinquency or not getting

paid the mortgage payments due.

20. Seemingly, Debtors either cannot afford the home or have not made paying their nominal mortgage payments a

priority. They have not made paying the trustee a priority.

21. The stay should not be extended.  Debtors cannot afford their plan payment.  Their budget was faulty in the last

case, failing to budget for household repairs, and they have shown no assurance they filed in good faith this time

or that anything has changed.

22. In the last year, Debtors have paid their bankruptcy attorney almost $9,000.  Such would have made a large dent

in their arrearage.

<u>LEGAL ARGUMENT</u>

The court should not extend the stay.  Debtors have the burden of showing they filed the case in good

faith.  The case presumably is not filed in good faith if 2 or more cases were pending within the 1 year period.

11 U.S.C. § 362(c)(4). Debtor's motion is under 362(c)(3), but seemingly it should be under (c)(4). Even if under

(c)(3), Debtors have not met the burden of good faith.

Debtors cases are as follows:

| Case # | Date Filed | Date Dismissed | Date Closed |
|---|---|---|---|
| 1.   23-01263-eg | 5/1/23 | 11/1/23 | 1/18/24 |
| 2.   23-03471-eg | 11/11/23 | 10/3/24 | 10/18/24 |
| 3.   24-03947-eg | 11/1/24 | | |

Debtor had 3 cases pending during the last year. This case was filed in bad faith.  Debtors have not overcome the presumption of not filing in good faith insofar as they have not shown they needed a new HVAC system, that it cost them the equivalent of their last 6 plan payments, that they paid for it, that it cost around $8,000 or that they could not have financed the purchase to have tendered payment to Movant or to the Trustee the last months of their case.  If they really could afford the plan payment they would have money in their bank account or would have shown proof of the purchase when they filed their motion to extend stay. If they really wanted to pay their mortgage, they could have tendered the almost $9,000 they paid their attorney to Movant.

Debtor's past bankruptcy filings, no change in circumstances between each case, no filing during the second case to excuse the air conditioning payment if it really existed, no proof of making the air conditioning payment, Debtors' past behavior and the effect of the repeated filings on creditors is grounds not to extend the stay.  *In re Moss*, C/A No. 21-01722-hb, slip op. (Bankr. D.S.C. Jul 27, 2021). The mortgage payment is extremely low for today's living standards.  Debtors cannot seem to make even the low payment to Movant, yet seem to continue to file bankruptcy to live in the home for free, having paid so little since April 2022.  Debtors seem to have a scheme to not pay rather than a plan to pay their mortgage.  *In re Moss*, C/A No. 21-00016-hb, slip op. (Bankr. D.S.C. Feb 24, 2021).

This Court has held it  does not have authority to extend the stay after it is terminated under 362(c)(3), the code section under which the motion was filed.  Even if this were Debtor's second case filed within a year, the stay would terminate prior to a hearing on the matter. The Debtors filed the case on November 1, 2024, the stay expires on November 30, 2024 and the hearing under 362(c)(3) is set for December 3, 2024.  *In re Epting*, C/A No. 23-01059-eg, slip op. (Bankr. D.S.C. Jun 9, 2023). The court cannot extend the stay under the provision requested.  Debtors have not requested to extend the stay under any other code section.

Wherefore, pursuant to §362(j), Movant requests an order confirming there is no stay in effect,

requests the Court deny Debtor's motion and for such further relief as is equitable.

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

By:    /s/ Jane H. Downey
        Jane H. Downey, ID 5242
        1501 Main St., Ste. 310
        Columbia, SC 29201
        (803) 251-8814
        jdowney@bakerdonelson.com

*Attorney for N. Judith Weesner*

November 19, 2024

IN THE UNITED STATES BANKRUPTCY COURT
For the District of South Carolina

IN RE:                                              )        Chapter 13
                                                    )        Case No. 24-03947-eg
James Patrick Hardin                                )
Amber Francis Hardin                                )
                                                    )
                    DEBTORS.                        )
                                                    )        CERTIFICATE OF SERVICE

        I do hereby certify that I have served the parties in this action listed below with a copy of the pleading(s)

hereinbelow specified by mailing a copy of the same today by United States Mail, postage prepaid, to the following

address(es):

Pleadings:              OBJECTION TO MOTION TO EXTEND STAY

Parties Served:         James Patrick Hardin
                        Amber Francis Hardin
                        2317 College Street
                        Newberry, SC 29108

                        Dawn M. Hardesty, Chapter 13 Trustee (by CM/ECF only)

                        Jason T. Moss (by CM/ECF only)

DATE OF SERVICE: November 19, 2024

                                        BAKER, DONELSON, BEARMAN,
                                        CALDWELL & BERKOWITZ, PC

                        By:     /s/ Jane H. Downey
                                Jane H. Downey, ID 5242
                                1501 Main St., Ste. 310
                                Columbia, SC 29201
                                (803) 251-8814

                                *Attorney for N. Judith Weesner*