**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 24-03947-EG |
| James Patrick Hardin and Amber Frances Hardin, | Chapter 13 |
| Debtor(s). | ORDER DENYING MOTION TO EXTEND AUTOMATIC STAY |

**THIS MATTER** is before the Court on the Motion to Extend Automatic Stay ("Motion") filed by James Patrick Hardin and Amber Frances Hardin ("Debtors"), pursuant to 11 U.S.C. § 362(c)(3).[1] N. Judith Weesner ("Creditor"), a secured creditor in this case, filed an objection ("Objection") to the Motion.[2] The Court held a hearing on the Motion, which was attended by Mr. Hardin, Debtors' counsel, Creditor's counsel, and the Chapter 13 Trustee. During the hearing, Debtors offered no testimony or other evidence in support of the Motion, despite being offered the opportunity to do so by the Court. At the conclusion of the hearing, the Court indicated that it would enter an order denying the Motion. Having considered the Motion, the arguments of counsel at the hearing and the record in this case, the Motion is denied based upon the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

This case is Debtors' third Chapter 13 bankruptcy filing. Debtors filed their first Chapter 13 petition on May 1, 2023, Case Number 23-01263, which was dismissed on November 1, 2023 for noncompliance due to Debtors' failure to file a confirmable plan.[3] Debtors filed a second Chapter 13 petition on November 11, 2023, Case Number 23-03471, which was dismissed on

---

[1] ECF No. 8, filed Nov. 7, 2024.
[2] ECF No. 14, filed Nov. 19, 2024.
[3] Case No. 23-01263-eg, ECF No. 39.

October 3, 2024 for failure to make plan payments to the Trustee.[4] Debtors filed their third Chapter 13 petition, Case Number 24-03947, on November 1, 2024 (the "Petition Date"), exactly one year from the date their first petition was dismissed. In all three cases, Debtors were represented by Moss & Associates, Attorneys, P.A.

In the Motion, Debtors take the position that only one case—Case Number 24-03471—was pending within the past year and seek an order extending the automatic stay pursuant to 11 U.S.C. § 362(c)(3). Debtors explained that their previous case was dismissed because they needed to make repairs to their air conditioning unit in their home, which caused them to miss their Chapter 13 plan payment. In the affidavit they filed in support of the Motion, Debtors indicated their belief that they can make their necessary Chapter 13 plan payments and are proceeding in this case in good faith. Debtors further posited they can succeed in the current case because they have replaced their air conditioning unit and are making regular income which is sufficient, after living expenses, to make their proposed plan payments.

Creditor objected to the Motion, arguing that the Motion should have been filed pursuant to 11 U.S.C. § 362(c)(4) instead and that Debtors had not satisfied their burden to establish that this case was filed in good faith. Creditor takes the position that both of Debtors' prior cases were pending within the past year, meaning that under § 362(c)(4), no temporary automatic stay took effect when this case was filed so there is no stay in place to be extended, and Debtors would need to request that the stay be imposed. At the hearing on the Motion, Debtors, through counsel, again asserted that only one case was pending in the year prior to the filing of this case, making § 362(c)(3) applicable, while Creditor's counsel argued that there were two cases pending in the year prior and thus relief should have been sought under § 362(c)(4). The Court noted that the date of

---

[4] Case No. 23-03471-eg, ECF No. 59.

the hearing—December 3, 2024—was more than 30 days after the Petition Date and Debtors had not requested a temporary extension of the stay, meaning that if Debtors were correct and a 30-day stay went into effect as of the Petition Date, the temporary stay expired before the hearing. When the Court offered Debtors the opportunity to present testimony in support of the Motion, Debtors' counsel declined to offer testimony, by proffer or through Mr. Hardin present in the courtroom, stating that Debtors had no proof to offer for their good faith argument and that it appears the Motion is inappropriate because the temporary stay has expired.

## CONCLUSIONS OF LAW

Debtors' counsel filed the Motion on November 7, 2024—six days after the case was commenced— and self-scheduled the hearing on the Motion for December 3, 2024. Pursuant to 11 U.S.C. § 362(c)(3)(A), the stay would have terminated on the thirtieth day after the case was filed—on December 1, 2024—because Debtors had a prior case pending and dismissed within the year preceding the filing of this case.[5] Debtors did not file a motion for a temporary extension. Accordingly, the automatic stay is no longer in place and cannot be extended pursuant to 11 U.S.C. § 362(c)(3)(B), which requires a hearing on the motion to extend the stay to be completed before the expiration of the 30-day period. This Court has previously observed that it is not the Court's responsibility to expedite hearings on motions for the extension of the automatic stay without

---

[5] Section 362(c)(3) provides:
> (3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; . . . .

3

further action by Debtor's counsel.[6] *See In re Epting,* 652 B.R. 134, 137 n. 7 (Bankr. D.S.C. 2023). The Court frequently temporarily extends the stay if the available self-scheduled hearing date falls outside the 30-day period and the debtor brings it to the Court's attention by filing a motion for a temporary extension or seeking an emergency hearing if the circumstances require.[7] *Id.* However, "[s]ection 362(c)(3)(B) does not provide the Court with any authority to extend the stay after it is terminated under § 362(c)(3)(A) if a hearing is not conducted before the expiration of the stay." *Id.* (citing 11 U.S.C. § 362(c)(3)(B) and cases).

Even if they had sought a temporary extension of the stay prior to its expiration under the provision of § 362(c)(3)(A), Creditor argues that Debtors should have sought relief under § 362(c)(4), because there were in fact two cases pending within the one-year period preceding the filing of the case. Rule 9006(a)(1) of the Federal Rules of Bankruptcy Procedure, which governs computation of time under the Bankruptcy Code, provides:

> When the period of time is stated in days or a longer unit of time:
> (A) exclude the day of the event that triggers the period;
> (B) count every day, including intermediate Saturdays, Sundays and legal holidays; and
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

---

[6] The Court further notes that Creditor's Objection, which was filed on November 19, 2024 and served on Debtors and their counsel, indicated that the stay would expire <u>prior to</u> the hearing on December 3, 2024.

[7] On March 26, 2024, the Court posted on its website a "Practice Reminder" which was e-blasted to the bankruptcy bar to remind practitioners of the following:

> The Court has received numerous Motions to Extend Stay pursuant to 11 U.S.C. § 362(c)(3) filed weeks after the bankruptcy petition was filed. This results in the inability to comply with SC LBR 9013-4(b)(1)(A) and Exhibit B thereto (Motions/Applications approved for non-passive, self-scheduled hearings), which requires a 14-day notice of the hearing and an objection date that is at least 7 days prior to the hearing date. Failure to timely file the Motion may also result in expiration of the automatic stay prior to the hearing date. While compliance with the 7-day requirement under SC LBR 9013-1 may sometimes be difficult depending on available self-scheduled hearing dates, it can be easily attained and unnecessary hearings avoided if the Motion is filed with the petition. It is the debtor or debtor attorney's responsibility to affirmatively address any such timing issues. An affidavit or declaration consistent with 28 U.S.C. § 1746 of the movant in support shall be filed and served with the Motion.

4

Fed. R. Bankr. P. 9006(a)(1).  Applying this Rule to the filing dates at issue in this case, the Court agrees that Debtors had two cases that were pending within the previous year that were dismissed. In fact, under a literal application of the rule, November 1st would not be counted, and counting backwards one year from October 31, 2024, both of Debtors' prior cases were pending and dismissed within the one-year period.[8]

Accordingly, pursuant to § 362(c)(4)(A), the automatic stay did not go into effect upon the filing of their current case.  *See* 11 U.S.C. § 362(c)(4).  Section 362(c)(4)(A)(i) provides:

> [I]f a single or joint case is filed by or against a debtor who is an individual under this title and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case.

Since no automatic stay was in effect upon the filing of the case, Debtors would have to affirmatively request that the court impose the automatic stay under § 362(c)(4)(B), which provides that "if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(4)(B).

Debtors did not request relief under § 362(c)(4), but at the hearing the Court alluded that it would entertain that argument and allow counsel to present evidence to rebut the presumption that the case was filed in bad faith.  Pursuant to § 362(c)(4)(D), while a case is presumptively filed "not in good faith" if two or more cases were pending within the one-year period—as is the case here—

---

[8] As noted in 10 COLLIER ON BANKRUPTCY ¶ 9006.02 [5] (16th ed. 2024), Rule 9006(a)(5) expressly provides that the term "next day" is determined, for purposes of Rule 9001(a)(1)(C), by counting forward when the period is mentioned after an event and backward when measured before the event.

5

"such presumption may be rebutted by clear and convincing evidence to the contrary." Despite the Court suggesting to Debtors that evidence would have to be introduced into the record, which most likely would be the same regardless of the subsection of § 362(c) under which Debtors sought relief,[9] their counsel simply stated that he had no proof to offer for the good faith argument.

Regardless of which section of § 362(c) the Court applies to the facts in this case, Debtors have not met their burden of proof for relief under either subsection. The standard for relief under these subsections requires Debtors to demonstrate that this case has been filed in good faith as to the creditors to be stayed. *See* 11 U.S.C. § 362(c)(3)(B), (4)(B). Under both subsections, there is a statutory presumption that the case was filed not in good faith based upon Debtors' failure to make plan payments in their prior case, which Debtors are required to rebut with clear and convincing evidence. *See* 11 U.S.C. § 362(c)(3)(C)(i)(II)(cc), (4)(D)(i)(II). Debtors have failed to present any evidence demonstrating this case was filed in good faith. Without any clear and convincing evidence to rebut the statutory presumption, the Motion is hereby **DENIED**.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**12/05/2024**



Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina

Entered: 12/05/2024

---

[9] Both 11 U.S.C. § 362(c)(3) and (4) refer to presumptions that exist when a case is filed not in good faith but that can be "rebutted by clear and convincing evidence."